# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

          Plaintiff,

v.                                               **Case No. 03-CR-58**

**MARTIN MEDINA,**

          Defendant.

## ORDER ON DEFENDANT'S REQUEST FOR AN EVIDENTIARY HEARING

On March 3, 2003, the grand jury returned single-count indictment against Martin Medina ("Medina"), charging him with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. Medina filed a motion to suppress evidence obtained during the search of a residence located at 1613 Austin Avenue, Racine, Wisconsin.

Prior to the evidentiary hearing addressing that motion, Medina filed a motion to compel the personnel files of Racine Police Officers Donald Nuttall, Jr. ("Nuttall") and John Finnigan ("Finnigan"), both of whom were involved in the entry of the Austin Avenue residence and were expected to testify at the evidentiary hearing. Medina claims that the personnel files are likely to contain impeachment evidence that is relevant to the officers' propensity for untruthfulness, and thus discoverable under Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972). In particular, and based on news media reports, Medina claims that Officer Nuttall purchased alcohol for a minor at a tavern, crashed his vehicle after leaving the tavern, and was suspected of later

covering up the car accident. Medina also claims that Officer Finnigan was involved in an off-duty bar fight and suspected of lying about the incident.

At the evidentiary hearing, testimony by defense witnesses made clear that resolution of Medina's motion will depend on the court's credibility determination. As such, the government indicated that it feels an obligation to present testimony by both Officer Nuttall and Officer Finnigan. In addition, the government took the position that the personnel files are not discoverable under Giglio. Accordingly, the evidentiary hearing was adjourned pending resolution of Medina's motion to compel.

On April 21, 2005, the government informed the court that it will not voluntarily produce the personnel files for the court's in camera review. (Fleming Ltr. April 21, 2005.). As grounds for its position that the files are not discoverable, the government states that Internal Affairs Lieutenant Dean Statton ("Lieutenant Statton") reviewed the files and indicates that the files contain (1) no finding of untruthfulness; (2) no finding of a lack of candor; and (3) no statement that either officer appeared to be biased. (Id.).

Under Brady and Giglio, the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence favorable to the defendant or impeaching of a government witness. The government's duty to turn over evidence arises only where evidence is "favorable" to the defense and "material" to an issue in the trial. United States v. Bastanipour, 41 F.3d 1178, 1181 (7th Cir. 1994); United States v. Earnest, 129 F.3d 906, 910-11 (7th Cir.1997); United States v. Gonzalez, 93 F.3d 311, 315-16 (7th Cir.1996); United States v. Agurs, 427 U.S. 97, 104 (1976). Evidence is "favorable" if it "is either exculpatory in nature or tends to impeach a prosecution witness." United States v. Reyes, 270 F.3d 1158, 1167 (7th Cir.2001). Evidence is "material" if there is a reasonable probability

2

that disclosure would have changed the result of the trial. United States v. Williams, 272 F.3d 845, 864 (7th Cir.2001).

Because the parties agree that credibility will be the determinative issue in resolving Medina's motion, the court finds that the materiality requirement is satisfied and will focus on whether the personnel files might contain "favorable" evidence. In that regard, it is clear that accusations of a certain severity constitute "favorable" evidence under Brady and Giglio, and must be disclosed. United States v. Veras, 51 F.3d 1365, 1374-75 (7th Cir. 1995)(allegations that officer stole on numerous occasions and lied on a search warrant application were severe enough to require disclosure, where the allegations triggered an investigation by the United States Attorney's Office); United States v. Dimas, 3 F.3d 1015, 1017-1018 (7th Cir. 1993)(Assistant United States Attorney's accusation that agent back-dated a report to cover up his receipt of drug sample held "favorable" impeachment evidence, where allegation resulted in dismissal of an indictment). Under Veras and Dimas, the government has disclosure obligations at some point on what might be viewed as a sliding scale, ranging from a speculative allegation at one end to a finding of untruthfulness at the other end.

In the present case, the government requested Lieutenant Statton to review the personnel files for "findings" of untruthfulness, bias, or lack of candor. Yet, a finding is not required to trigger the government's disclosure duties. Less definite conclusions will suffice. The defendant believes that allegations relevant to Officer Nuttall's and Officer Finnigan's propensity for untruthfulness triggered further investigation. Without viewing the files, the court is left unsure as to what allegations were made and the extent further investigation was required. For example, in Veras, the government was obligated to disclose evidence of the investigation.

3

Accordingly, the government will be ordered to submit the personnel files of Officers Nuttall and Finnigan for the court's in camera review. This will allow the court to determine whether the information contained therein constitutes "favorable" impeachment evidence. Continuation of the evidentiary hearing on Medina's motion to suppress will be addressed after that determination has been made.

**IT IS THEREFORE ORDERED** that the government deliver the personnel files of Officers Nuttall and Finnigan under seal for the court's in camera review no later than **May 3, 2005.**

Dated at Milwaukee, Wisconsin, this 26th day of April, 2005.

s/AARON E. GOODSTEIN
United States Magistrate Judge