# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    Plaintiff,

v.                                      Case No. 03-CR-58

**MARTIN MEDINA,**

    Defendant.

## ORDER THAT INTERNAL AFFAIRS DOCUMENTS BE DISCLOSED TO THE DEFENDANT

On March 3, 2003, the grand jury returned single-count indictment against Martin Medina ("Medina"), charging him with possession of a firearm after having been convicted of a crime punishable by imprisonment for a term exceeding one year. The charge is based on evidence obtained during the search of a residence located at 1613 Austin Avenue, Racine, Wisconsin. Medina filed a motion to suppress that evidence.

Prior to the evidentiary hearing addressing the motion to suppress, Medina filed a motion to compel the personnel files of Racine Police Officers Donald Nuttall, Jr. ("Nuttall") and John Finnigan ("Finnigan"), both of whom were involved in the entry of the Austin Avenue residence and were expected to testify at the evidentiary hearing. As grounds, Medina claimed that the personnel files are likely to contain impeachment evidence that is relevant to the officers' propensity for untruthfulness, and thus discoverable under <u>Brady v. Maryland</u>, 373 U.S. 83 (1963) and <u>Giglio v. United States</u>, 405 U.S. 150 (1972). In particular, and based on news media reports, Medina claims that Officer Nuttall purchased alcohol for a minor at a tavern, crashed his vehicle after leaving the tavern, and was

suspected of later covering up the car accident. Medina also claims that Officer Finnigan was involved in an off-duty bar fight and suspected of lying about the incident.

At the evidentiary hearing on April 14, 2005, testimony by defense witnesses made clear that resolution of Medina's motion will depend on the court's credibility determination. As such, the government indicated that it feels an obligation to present testimony by both Officer Nuttall and Officer Finnigan. In addition, the government took the position that the personnel files are not discoverable under Giglio. Accordingly, the evidentiary hearing was adjourned pending resolution of Medina's motion to compel.

On April 26, 2005, this court ordered that the government deliver the personnel files of Officers Nuttall and Finnigan under seal for the court's in camera review. The government filed an objection to that order, which was overruled on August 24, 2005 by the Honorable Rudolph T. Randa. Accordingly, the government has now submitted the officers' personnel files, as well as the Internal Affairs documents relevant to the two incidents identified by Medina in his motion to compel. The court has conducted an in camera review of these files and concludes that personnel files need not be disclosed. However, the Internal Affairs documents, which were separated from the personnel files in the government's submission to the court, should be produced.

Under Brady and Giglio, the prosecution has the duty to ensure that criminal trials are fair by disclosing evidence favorable to the defendant or impeaching of a government witness. The government's duty to turn over evidence arises only where evidence is "favorable" to the defense and "material" to an issue in the trial. United States v. Bastanipour, 41 F.3d 1178, 1181 (7th Cir. 1994); United States v. Earnest, 129 F.3d 906, 910-11 (7th Cir.1997); United States v. Gonzalez, 93 F.3d 311, 315-16 (7th Cir.1996); United States v. Agurs, 427 U.S. 97, 104 (1976). Evidence is "favorable"

2

if it "is either exculpatory in nature or tends to impeach a prosecution witness." United States v. Reyes, 270 F.3d 1158, 1167 (7th Cir.2001). Evidence is "material" if there is a reasonable probability that disclosure would have changed the result of the trial. United States v. Williams, 272 F.3d 845, 864 (7th Cir.2001). This court previously concluded that the materiality requirement is satisfied because the parties agree that credibility will be the determinative issue in resolving Medina's motion. (Order Apr. 26, 2005 at 3.). Thus, the only remaining issue is whether the files contain "favorable" evidence.

The court believes that the Internal Affairs documents do. As explained in this court's April 16, 2005 order requiring an in camera review, it is clear that accusations of a certain severity constitute "favorable" evidence under Brady and Giglio, and must be disclosed. United States v. Veras, 51 F.3d 1365, 1374-75 (7th Cir. 1995)(allegations that officer stole on numerous occasions and lied on a search warrant application were severe enough to require disclosure, where the allegations triggered an investigation by the United States Attorney's Office); United States v. Dimas, 3 F.3d 1015, 1017-1018 (7th Cir. 1993)(Assistant United States Attorney's accusation that agent back-dated a report to cover up his receipt of drug sample held "favorable" impeachment evidence, where allegation resulted in dismissal of an indictment). Under Veras and Dimas, the government has disclosure obligations at some point on what might be viewed as a sliding scale, ranging from a speculative allegation at one end to a finding of untruthfulness at the other end.

The government requested Lieutenant Statton of the Racine Police Department to review the files for "findings" of untruthfulness, bias, or lack of candor. Yet, as previously explained by this court, a "finding" is not required to trigger the government's disclosure duties. (Order Apr. 26, 2005 at 3.). Less definite conclusions will suffice. In the present case, however, the distinction between

3

a speculative allegation and a more conclusive finding is irrelevant—the Internal Affairs documents **clearly** contain findings by the investigating authorities of untruthfulness as to both officers in regard to the incidents under review. In addition, the allegations of untruthfulness are significant enough to warrant disclosure to Medina. The personnel files, in contrast, contain no information that might be considered exculpatory or used for impeachment purposes. Accordingly, the court now enters the following order on Medina's motion to compel:

    **IT IS THEREFORE ORDERED** that Medina's motion to compel is **granted in part.** The government shall disclose the names of its witnesses for the continued hearing to the court and to defense counsel no later than **September 22, 2005.** If Officer Nuttall or Officer Finnegan will be called to testify on the government's behalf, then the government shall furnish copies of the Internal Affairs documents to defense counsel at the same time the government's witness list is provided.

    **IT IS FURTHER ORDERED** that defense counsel shall not disclose any Internal Affairs documents that it receives to the defendant or to anyone else. The documents shall be used solely for purposes of impeachment and shall be returned to the government upon completion of this case.

    **IT IS FURTHER ORDERED** that Medina's motion to compel is **denied in part.** The government need not disclose the officers' personnel files, which were separate from the Internal Affairs documents in the government's submission to the court.

    **IT IS FURTHER ORDERED** that the evidentiary hearing on Medina's motion to suppress shall continue on **September 29, 2005** at **9:30 a.m.**

    Dated at Milwaukee, Wisconsin, this <u>14th</u> day of September, 2005.

                                                    s/AARON E. GOODSTEIN
                                                    United States Magistrate Judge